UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,                    )
        *Plaintiff*,                          )
*v.*                                         ) **CASE NO: 8**:18-cr-94-T-36JSS
                                            )
WALBERTO SANCHEZ PORTOCARRERO, *et al*,       )
        *Defendants*.                         )
_____    )

## PRE-SENTENCE MEMORANDUM OF WALBERTO SANCHEZ PORTOCARRERO

COMES NOW the undersigned legal counsel for the defendant, WALBERTO SANCHEZ PORTOCARRERO, and files with this Honorable Court this Pre-Sentence Memorandum of Walberto Sanchez Portocarrero to aid the court in its decision making regarding the appropriate sentence to be imposed upon the defendant, Walberto Sanchez Portocarrero, for conviction of the charges in the case before the court.

I.  DEFENDANT'S FAMILY BACKGROUND

Walberto Sanchez Portocarrero, the defendant, was born in Nerete, Columbia on XXXXXXXXXXXXX.  He is the youngest child of Walberto Sanchez and Teresa Portocarrero. The defendant has only known poverty since his childhood.  At the age of seven, the defendant's father passed away.  Until then he had been furnished with food and other necessities by his parents.  His seven, older siblings, Nelson, Flora, Maria, Margarita, Teresa, Barbara and Miguel, had moved away after his father's death, and the defendant and his mother were left to their own devices in order to make ends meet.  Although the defendant's mother, as a single parent, tried to support and raise him, the defendant became accustomed to insufficient necessities, i.e., often he lacked food, clothing and utilities like no running water and no electricity.  The defendant remembered his school attendance as being marked by his poverty, i.e., wearing inappropriate

attire, like shorts to class; the scarcity of food, often he would starve, and; his education being cut short so he could work to earn his and his mother's sustenance.

The defendant's mother was being furnished food and shelter from the defendant's sister, Maria, and the defendant was residing with his wife, Midred Tello Sinisterra, and their five children: Cindy Yulissa Sanchez Tello, Yorbin David Sanchez Tello, Angie Yurani Sanchez Tello, Karen Yelissa Sanchez Tello, and Haira Sanchez Tello, until his arrest in this case. The defendant, his wife and their children resided in Cali, Columbia, and were renting a three bedrooms, one bathroom, cement block home that had running water and electricity, but they lost this shelter as a result of the defendant's absence caused by this arrest. The defendant has two other children from extramarital relationships, to wit: Negrita and Wendy Sanchez.

As a result of the defendant's arrest, his family has been struggling emotionally and financially, and became unable to make ends meet, so they lost their residence and more. The defendant fears that his family will soon face starvation and, absent some unforeseeable change in their financial situation, separation and dissolution through rupturing of family bonds due to their lack of food, shelter, medical care and other necessities.

## II. DEFENDANT'S ACADEMIC BACKGROUND

The defendant barely acquired an education, because he attended school only until the sixth grade. He was forced to put his education on hold for the future, and stopped attending school in the sixth grade in order to earn enough money to support himself and his mother since his father had passed away. The defendant has not had the opportunity to acquire skills that will enable him to become gainfully employed, so he is unable to adequately support his family. The defendant has historically worked in various low paying, unskilled jobs. However, the defendant

still has ambitions of acquiring marketable skills to enable him to become better able to support himself and his family.

The defendant requests that the court permit him to learn the welding trade, acquire a complete basic education and allow him to use the time he is sentenced to serve to enroll in programs, courses and workshops that the Department of Corrections manages and administers in the facility that he is assigned to. The defendant wants to use his sentence time to learn to become a productive member of society.

III.  DEFENDANT'S EMPLOYMENT BACKGROUND

The defendant began work at the earliest age that he could find work in Columbia, South America. He took a job as a tree cutter at twelve years of age and took employment at any other jobs he could find. The defendant recalls that he had worked in Columbia for a pest control employer for awhile, and that he was supporting himself and his family through his earnings from his working as a fisherman from 2012 until his arrest in 2018.

IV.  OFFENSE CONDUCT AND OFFENSE LEVEL COMPUTATION

The defendant reviewed the report prepared by the U.S. Department of Probation and the comments and objections prepared by the Office of the United States Attorney, and agreed with the base offense level determination, and the proposed adjustments to support decreases to his sentence of incarceration. The defendant proffered and cooperated with the United States Attorney and law enforcement fully and hoped to receive a request for reduction from the Office of the United States Attorney, but none has been forthcoming. Moreover the defendant requested to furnish additional information by way of asking undersigned counsel in his behalf to request another proffer, but the request was denied by law enforcement.

The statutory minimum sentence in this case is 120 months (*See, 46 U.S.C. §70503(a)*). The defendant respectfully submits that the facts of the case militate against the sentence recommendation in the Presentence Investigation Report of 135 months to 168 months (See, **Part D. SENTENCING OPTIONS**, <u>**Custody**</u>, **Paragraph 56.Guideline Provisions**, of the Presentence Investigation Report).

Case law establishes that U.S.S.G. calculations shall have an advisory effect on the court when determining and pronouncing sentence (*See, United States v. Booker*, 543 U.S. 220 (2005). Moreover, 18 U.S.C. §3553 specifically prescribes that "[t]he court shall impose a sentence "sufficient, but not greater than necessary to comply with the purposes set forth in paragraph (2) . . ."(See, 18 U.S.C. §3553(a)). The statute goes on to state that the court is instructed to consider:

"(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed- to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant, and; to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentences and the sentencing range established for-the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines, and; issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to

such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced, . . . . "

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and;

(7) the need to provide restitution to any victims of the offense" (*See, 18 U.S.C. §3553(a)*).

The defendant respectfully submits that his involvement in the instant offense was minor, and, therefore, that he could be entitled to a two (2) to three (3) level downward adjustment to his offense level as is granted by *§3B1.2, U.S.S.G.* – <u>Mitigating Role</u>, and there were others in similar position too. Furthermore, the defendant has heretofore lived a law abiding life without ever having a criminal transgression, and he is categorized as Criminal History category I. The instant matter could constitute aberrant behavior on the part of the defendant, and, therefore, pursuant to *§5K2.20, U.S.S.G.* – <u>Aberrant Behavior</u>, it is respectfully submitted the defendant could have receive an additional downward adjustment in his sentencing offense level.

The defendant was a means to the drug dealers ends, but he wasn't and isn't a drug dealer. The drug dealer had money that he waived in the face of the poverty stricken defendant, and the drug dealer lauded the good that the money would do for the defendant and the defendant's family. The defendant has suffered from the ill effects of poverty all his life, and this one time he made the mistake that has brought him and his family deeper into despair and poverty. The defendant and his family will have to pay the price for the defendant's transgression, but the price

tag should take into consideration his prior good life, his minor role in the offense, the impact that a less harsh sentence will have on him and on society.

Moreover, other defendants have similar cases in other courtrooms in the same court house. In other court rooms defendants have been given the same sentencing recommendation by United States Probation, but some judges have done justice, avoided disparities, and sentenced some defendants to the statutory minimum sentence as opposed to the harsher guideline sentence recommended nonetheless. The Presentence Investigation Report has been taken into consideration and the fact that the defendant conceded the accuracy of the report, but also the defendant asked the court to scrutinize the facts and circumstances of the case, the defendant's personal history and character, the possibility of sentence disparity through such a harsh sentence in comparison to other defendants who received less harsh sentences for similar conduct, and the defendant's actual personal conduct and overall involvement in the offense, in order to arrive at a just sentence. Also, the defendant mentions that federal sentencing has been taking dramatic leaps and bounds towards justice to impose fair punishments that fit actual and personal involvement in commission of criminal conduct. Perhaps a part of the sentencing guidelines should include a defendant's cooperation and assistance, so that it may no longer be discounted for a sentence reduction solely due to the refusal of the A.U.S.A. to file a presentence 5k motion or a Rule 35 post sentencing motion.

WHEREFORE, it is respectfully submitted that the guideline sentence recommendation in the Presentence Investigation Report not be followed by the court, and the court should impose a sentence no greater than necessary to comply with the requirements of 18 U.S.C. §3553 and the statutory minimum sentence of *46 U.S.C. §70503(a)*.

Dated this 5th day of July, 2018.

**_____/S/JOSEPH TORRES\_\_\_\_\_**
JOSEPH TORRES, ATTORNEY-AT-LAW

## **CERTICATE OF SERVICE**

Undersigned certifies that on this 5th day of July, 2018 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Assistant United States Attorney Taylor G. Stout at taylor.stout@usdoj.gov, United States Probation Officer Deanna Figlewski at deanna_figlewski@flmp.uscourts.gov and all other parties.

LAW OFFICES OF JOSEPH TORRES

/S/Joseph Torres
Joseph Torres, Attorney-at-Law
FL. Bar No. 0052493
2270 Alafaya Trail
Oviedo, Florida 32765-8829
(407) 359-3477
Fax (407) 359-6788
joseph.torres.esq@gmail.com
Attorney for Walberto Sanchez Portocarrero